# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| NORTH ATLANTIC OPERATING COMPANY, INC. et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MANISH NAHAL et al.,<br><br>　　　　　　Defendants. | CASE NO. ED CV 13-02234 VAP (DTBx)<br><br>Hon. Virginia A. Phillips<br>Courtroom 2<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION |

1	Plaintiffs North Atlantic Operating Company, Inc.'s ("NAOC") and
2	National Tobacco Company, L.P.'s ("NTC") (NAOC and NTC together, "North
3	Atlantic"), Order to Show Cause re: Preliminary Injunction came on for hearing on
4	December 17, 2013 at 10:00 a.m. before the Honorable Virginia A. Phillips, United
5	States District Judge, Courtroom 2 of the United States District Court for the
6	Central District of California, located at 3470 Twelfth Street, Riverside, California
7	92501. Marcella Ballard and Melissa McLaughlin of Venable LLP appeared for
8	North Atlantic, and Darren Harris of Spray, Gould & Bowers LLP appeared for
9	Defendants and agreed to accept service on behalf of Ashish Nahal and Sanjay
10	Suri. Having read and considered the papers and arguments of counsel, and good
11	cause appearing, it is hereby:

12	**ORDERED THAT**, pursuant to Rule 65 of the Federal Rules of Civil
13	Procedure, Defendants, their agents, servants, employees, officers and all other
14	persons in active concert or participation with them, are enjoined and restrained,
15	pending the final hearing and determination of this action, from:

16	  1. Purchasing, selling, distributing, marketing, manufacturing, or
17	     otherwise using any of the ZIG-ZAG® trademarks and design mark
18	     depicting the bearded man (the "Smoking Man Design") (collectively,
19	     the "ZIG-ZAG® Trademarks"), NORTH ATLANTIC OPERATING
20	     COMPANY, INC. and the gear design displayed on ZIG-ZAG®
21	     Cigarette Paper Products (the "NAOC® Trademark"), and the NAOC
22	     and design graphic entitled "North Atlantic Operating Company, Inc."
23	     (the "NAOC© Copyright") or any name, or any marks similar thereto,
24	     in connection with the manufacture, sale, offer for sale, distribution,
25	     advertisement, or any other use, of cigarette paper products;
26	  2. Using any logo, trade name, trademark or trade dress similar to any of
27	     the ZIG-ZAG® Trademarks, NAOC® Trademark and/or NAOC©
28	     Copyright, that falsely represents that the sale of any counterfeit or

infringing ZIG-ZAG® Orange Cigarette Paper Products (collectively, "ZIG-ZAG® Orange") and/or any counterfeit or infringing ZIG-ZAG® White Cigarette Paper Products (collectively, "ZIG-ZAG® White"), or any counterfeit or infringing packaging for same, is sold under the control or supervision of North Atlantic;

3. Infringing any of the ZIG-ZAG® Trademarks, NAOC® Trademark and/or NAOC© Copyright;

4. Falsely representing any or all of the Defendants as being connected with North Atlantic or sponsored by or associated with North Atlantic or engaging in any act which is likely to cause the trade, retailers and/or members of the purchasing public to believe that any or all of the Defendants are associated with North Atlantic;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the ZIG-ZAG® Trademarks, NAOC® Trademark and/or NAOC© Copyright in connection with the publicity, promotion, sale, or advertising of counterfeit ZIG-ZAG® Orange Cigarette Paper Products and/or ZIG-ZAG® White Cigarette Paper Products;

6. Removing from their premises, or discarding, destroying, transferring or disposing in any manner any information, computer files, electronic files, business records (including but not limited to internet-based email communications) or other documents relating to Defendants' assets and operations or relating in any way to the purchase, sale, manufacture, offer for sale, distribution, negotiation, importation, advertisement, promotion, or receipt of any products purporting to be ZIG-ZAG® Orange Cigarette Paper Products and/or ZIG-ZAG® White Cigarette Paper Products; and

7. Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in

subparagraphs (1) through (6) above; and it is further

**ORDERED**, that the Restrained Parties shall turn over to North Atlantic or any person or entity designated by North Atlantic all counterfeit ZIG-ZAG® Orange Cigarette Paper Products and/or ZIG-ZAG® White Cigarette Paper Products in their possession, custody or control to be held by North Atlantic until further order of this Court; and it is further

**ORDERED**, that the Restrained Parties shall produce to North Atlantic, no later than Friday, December 20, 2013, a statement under oath identifying all suppliers in China from whom they purchased the particular ZIG-ZAG® Orange and ZIG-ZAG® White Cigarette Paper Products at issue in this matter; and it is further

**ORDERED**, Defendants shall be restrained from secreting any assets, and from transferring or conveying any assets, including, but not limited to, assets held by, for, or on account of any and all Defendants, in any bank, brokerage house or financial institution transacting business within the State of California; and it is further

**ORDERED**, that the North Atlantic shall treat as confidential all documents and all materials obtained from the Defendants; and it is further

**ORDERED**, that good cause being shown at the December 17th Hearing, the parties may serve expedited discovery requests in accordance with the following schedule:

1. Written discovery requests may be served immediately;
2. Responses to written discovery requests and the production of documents, electronically stored information, or any designated tangible things are due January 21, 2014; and
3. Depositions may be taken on or after February 3, 2014, on mutually agreed upon dates.

**IT IS SO ORDERED.**

Dated: Jan 2 2014

*Virginia A. Phillips*
United States District Court Judge